UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PRESTIGE HOSPITALITY GROUP, INC.,

Plaintiff,

v.

FLAGSHIP SERVICES CORPORATION, RICHARD ABATI and RICK NEWMAN,

Defendants.

Court File No. 00-CV-1453 (DSD/SRN)

**STIPULATION AND PROTECTIVE ORDER**

Upon stipulation of the parties for entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing to the Court that such an order is necessary and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

I. The following definitions shall apply to this Order:

A. This Order shall apply to "Material," i.e., all documents, records, tangible materials, testimony, responses to discovery, and other information, produced, served, disclosed, or filed including, without limitation, all copies, excerpts, and summaries in connection with this action.

B. This Order shall apply to: (1) the Parties to this action; (2) counsel of record for the Parties, members of their firms, associate attorneys, and paralegal, clerical, and other regular employees of counsel of record; (3) officers of the court, including court reporters, jurors, and court personnel; (4) consultants and other experts reasonably necessary for the preparation and trial of the case; and (5) any person who is necessary

NOV 07 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for the prosecution or defense of the case and who agrees in writing to be bound by the terms of this Order.

C. "Confidential Material" shall be any Material a Party or third party believes in good faith to contain confidential commercial, financial, or business information ("Designator").

D. "Highly Confidential Material" shall be any Confidential Material believed in good faith to contain trade secrets or information that would be competitively harmful if disclosed to anyone.

E. "Confidential Material" or "Highly Confidential Material" shall be subject to this Order.

F. This Order shall not apply to Material within public knowledge, or which, after disclosure, comes within public knowledge other than by (a) act or omission of a Person receiving the Material or its agents, employees, consultants, or attorneys, or (b) the circumstances addressed in Paragraph XII hereof.

G. Information sought from any third parties pursuant to subpoenas may be made subject to this order, if the third party makes a request in good faith.

II. Confidential Material shall be subject to the following restrictions:

A. Confidential Material shall be used only for the preparation and trial of this action (including appeals) and for no other purpose, and shall not be given or disclosed to anyone except those specified in subparagraph II.B.

B. Confidential Material may be disclosed only to:

(1) Counsel of record for the Parties in this action, members of their firms, associate attorneys, paralegal, clerical, and other regular employees of counsel and in-house counsel.

(2) Employee representatives for each of the Parties, as necessary to provide assistance for the preparation and trial of this action.

(3) The Court, court personnel, and court reporters.

(4) Consultants or experts reasonably necessary for the preparation and trial of the case.

(5) Any other Person to whom the Designator and Parties agree in writing.

C. Confidential Material in the possession of any Person authorized to have it, other than counsel of record shall be kept in a secure location.

D. Designation as "Confidential" shall not preclude the Designator from giving or disclosing the Material to any Person for any reason.

III. Highly Confidential Material shall be subject to the following restrictions:

A. "Highly Confidential Material" shall be used only for the preparation and trial of this action (including appeals) and for no other purpose and shall not be given or disclosed to anyone except those specified in subparagraph III.B.

B. Highly Confidential Material may be disclosed only to:

(1) Outside counsel of record for the Parties in this action, members of their firms, associate attorneys, paralegal, clerical, and other regular employees of counsel.

(2) The Court, court personnel, and court reporters.

(3) Non-party consultants or experts reasonably necessary for the preparation and trial of the case.

(4) Either Party may seek leave of Court to disclose Highly Confidential Material to employees/representatives of a Party.

(5) Any other person to whom the Designator and Parties agree in writing.

C. Highly Confidential Material in the possession of any Person authorized to

have it other than counsel of record shall be kept in a secure location.

D. All submissions to the Court which incorporate or disclose Highly Confidential Material shall be labeled and filed with the Clerk and submitted to the Court in a sealed container with the caption of this action and the words "Sealed - Subject to Protective Order dated ________________" and the following statement: "This contains (description of contents) which incorporates Highly Confidential Material and is not to be opened nor its contents to be revealed to anyone other than authorized court personnel or counsel of record, except by Order of the Court."

E. The designation of Materials as "Highly Confidential" shall not itself affect the rights of the Designator (or the Designator's authorized representatives) to give or disclose such Material to any Person for any reason, but all persons to whom the Designator gives it shall be promptly identified in writing to all counsel in the case.

IV. A. Each Person to be given access to Confidential Material or Highly Confidential Material pursuant to this Order (except those to whom disclosure has been made pursuant to subparagraphs II.B.(1) and (3) and subparagraphs III.B.(1) and (2))

shall be provided with a copy of this Order and shall be told that: (1) the Confidential Material or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms of it; and (2) that the violation of the terms of the Order may subject the Person to punishment for contempt of a Court Order.

B. Any Person given access to Confidential Material or Highly Confidential Material must first read the Confidentiality and Protective Order, and must agree in writing, in the form attached as Exhibit A, to be bound by this Order and to be subject to the jurisdiction of this Court for enforcement of this Order. An executed copy of the agreement shall be retained by counsel giving access to the Confidential Material or Highly Confidential Material.

C. If Confidential Material or Highly Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objection may also be made orally. Pending resolution of objections, no disclosure of Confidential Material or Highly Confidential Material may be made.

V. Confidential Material and Highly Confidential Material shall be designated as follows:

A. In the case of documents or non-written materials such as videotape or computer diskettes, designation shall be made prior to delivery of copies by marking the document or non-written material "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL," with or without the words "SUBJECT TO

PROTECTIVE ORDER," on each page containing Confidential Material or Highly Confidential Material.

B. All documents produced for inspection shall be treated as Highly Confidential Material until copies are produced. Once specific documents have been selected for copying, any document containing Confidential Material or Highly Confidential Material may be marked before delivery to the Party who inspected and selected the documents.

C. A Party shall not waive the right to designate documents as Confidential or Highly Confidential by reason of making the documents available for inspection before they are copied and marked pursuant to this procedure.

D. In the case of written discovery responses, designation shall be made by placing the words "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL," with or without the words "SUBJECT TO PROTECTIVE ORDER," on each page of any such response with the information asserted to be Confidential Material or Highly Confidential Material typed in BOLD FACE CAPITAL LETTERS , or by serving responses containing such information in a separate document where the entirety of such response is to be designated.

E. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made by a statement on the record before the end of each day in which the deposition is concluded, or by a statement in writing sent to all counsel within fifteen (15) business days after receipt of the transcript.

F. If the designation is made during a deposition, only persons to whom disclosure of Confidential Material or Highly Confidential Material is permitted under Section II or III of this Order shall remain present while Confidential Material or Highly Confidential Material is being used or discussed, and the reporter shall bind the transcript in separate portions containing the non-confidential Material, Confidential Material, and Highly Confidential Material.

G. The reporter shall place the words "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL" on the cover of the relevant portions of the transcript.

VI. No Highly Confidential Material shall be part of a public record except upon prior approval of the Court; and when argument or evidence before the Court requires the use of Highly Confidential Material, on the request of any Party and with approval of the Court, Highly Confidential Material shall be protected as follows:

A. If tried by a jury, the jurors shall be informed of the terms of this Order and instructed that they shall be bound by it.

B. Only persons subject to this Order may be present.

C. The record of the proceeding conducted under Section VII shall be maintained separately and filed under seal in accordance with this Order.

VII. A. No Party concedes that any Material designated by any other person as Confidential Material or Highly Confidential Material contains trade secrets or nonpublic, commercial, financial, or business information, or has been properly designated as Confidential Material or Highly Confidential Material.

B. A Party may challenge a designation of confidentiality at any time on notice to counsel for the parties to this Order. They shall first attempt to reach agreement without resort to the Court. The material in issue shall be treated as designated until the Court orders otherwise.

C. Any Designator may, at any time, withdraw the designation of "Confidential Material" or "Highly Confidential Material" for any or all of his Material.

D. This Order may be altered or modified by agreement of both parties in writing, including on a transcript.

VIII. Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client or relying on his or her examination or knowledge of "Highly Confidential Material;" except that in rendering advice and in communicating with his or her client, the attorney shall not disclose the contents of any Highly Confidential Material, to any Person not authorized to receive it under the terms of this Order.

IX. If a Party inadvertently discloses any "Confidential Material" or "Highly Confidential Material," that Party may in writing promptly inform the receiving person of the designation. The receiving person shall treat the information as "Confidential Material" or "Highly Confidential Material" under this Order. To the extent that protected information may have been disclosed to a person other than an authorized person the Party shall inform the Designator and make every reasonable effort to retrieve the information and avoid any further disclosure to non-authorized persons.

X. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

XI. At the conclusion of this action, including any appeals, counsel for the Parties shall meet jointly in the Clerk's office within thirty (30) days from the date of conclusion and remove from the files maintained by the Clerk all documents filed under seal in this action, including all pleadings and transcripts. Unless otherwise agreed, counsel for each Party shall receive from the Clerk the documents filed under seal on behalf of his clients. The Clerk shall deliver to counsel all documents filed under seal.

XII. Within sixty (60) days following the conclusion of this action, including any appeals, all Material designated as, or reflecting, Confidential Material or Highly Confidential Material and all copies of them, including all copies furnished to persons identified in Paragraph III shall be returned by counsel for the receiving Party to counsel for the Designator or alternatively be destroyed with a certificate provided from the attorney of record certifying destruction.

XIII. Each Party and Person bound by this Order may move for modification of this Order for good cause on notice in writing to the Parties. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

XIV. Production or disclosure of Confidential Material or Highly Confidential Material under this Confidentiality and Protective Order shall not prejudice the right of any Person making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts.

XV. Nothing in this Order shall affect in any way the admissibility of any document, tangible thing, testimony, or other evidence at trial.

The parties, by and through counsel, stipulate that the Court may enter Order in the form presented.

Dated: November 2, 2001

**BRIGGS AND MORGAN P.A.**

By: ______________________

Matthew D. Forsgren (#246694)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

ATTORNEYS FOR DEFENDANTS

Dated: 11/5, 2001

**WALLEN-FRIEDMAN LAW OFFICE, P.A.**

By: ______________________

Leny K. Wallen-Friedman (#233894)
860 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
(612) 341-9893

ATTORNEYS FOR PLAINTIFF

**ORDER**

This foregoing Confidentiality and Protective Order is hereby approved and entered.

Dated: November 7, 2001

______________________
The Honorable Susan Richard Nelson

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PRESTIGE HOSPITALITY GROUP, INC.,

Plaintiff,

v.

FLAGSHIP SERVICES CORPORATION, RICHARD ABATI and RICK NEWMAN,

Defendants.

---

Court File No. 00-CV-1453 (DSD/SRN)

**CERTIFICATION**

1. I have been requested by counsel for ____________________ to assist counsel with certain material which I have been informed is "Confidential Material" or "Highly Confidential Material" within the terms of the Confidentiality and Protective Order issued by the court in the above-entitled action.

2. I have read the Confidentiality and Protective Order dated ___________________, ____, entered in this action. I am familiar with the provisions of the Confidentiality and Protective Order and agree to abide by them. I agree not to disclose any information designated as "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL" and not to use such information other than in assisting counsel for __________________________.

3. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality and Protective Order against me in this action and understand that I may be found in contempt of Court if I violate this Agreement.

4. I understand and agree that my obligations under this Agreement and the Confidentiality and Protective Order will survive and continue beyond the termination of this action.

____________________________________

____________________________________
(Printed Name)

STATE OF ____________________)
) ss.
COUNTY OF ___________________)

The foregoing instrument was acknowledged before me this ____ day of ____________________, _____, by ____________________________________.

____________________________________
Notary Public
My Commission Expires:

________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.