**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**PRESTIGE HOSPITALITY GROUP, INC.,**

**Plaintiff,**

**v.**

**FLAGSHIP SERVICES CORPORATION, FREDERICK NEWMAN, and THE ESTATE OF RICHARD ABATI,**

**Defendants.**

**Civil No. 00-1453 (DSD/SRN)**

**O R D E R**

---

Leny K. Wallen-Friedman, Esq., on behalf of Plaintiff Prestige Hospitality Group, Inc.

Matthew D. Forsgren, Esq., on behalf of Defendants Flagship Services Corporation, Frederick Newman, and the Estate of Richard Abati.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on January 7, 2001, on the Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 37(d). (Doc. No. 29). As grounds for this motion, the Defendants cite the Plaintiff's failure to

JAN 08 2002
FILED ________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

produce a designee to attend the properly noticed Fed. R. Civ. P. 30(b)(6) deposition, together with the Plaintiff's prior failure to respond to written discovery requests until the Defendants moved to compel such responses. The sanctions that the Defendants seek are: 1) a reconsideration of the denial of Defendants' motion to dismiss or transfer venue; 2) an award of Defendants' costs, i.e., expenses including attorney's fees, incurred in preparing for the Rule 30(b)(6) deposition originally scheduled for December 12, 2001; 3) an award of the Defendants' reasonable costs, i.e., expenses including attorney's fees, incurred in preparing this motion as well as the earlier motion to compel; and 4) in the absence of an order dismissing or transferring this case, issuance of an order extending the discovery deadline by 60 days.

Plaintiff Prestige Hospitality Group has offered to reimburse the Defendants for any fees it incurred for work that was lost because of the post-ponement of Prestige's Rule 30(b)(6) deposition. The Plaintiff contends, however, that the Defendants' request for reimbursement of costs and fees is unreasonable, in light of the extreme and unusual circumstances of September 11, 2001, that caused Prestige to be delayed in responding to discovery. Finally, Plaintiff Prestige joins the Defendants in their request for a 60 day extension of the period in which the parties may conduct discovery.

The Defendants' motion for sanctions is denied without prejudice. While the Court declines to reconsider the denial of the Defendants' motion to

dismiss or transfer venue, the Court grants a thirty-day extension of the discovery period, (i.e., the period in which the parties may conduct discovery shall be completed by April 1, 2002), as well as a thirty-day extension of all remaining deadlines contained in the Amended Pretrial Order.[1]

At the hearing on this matter, the Court instructed counsel for the Defendants to submit an affidavit detailing the fees and costs incurred as a result of the Plaintiff's failure to produce its Rule 30(b)(6) designee on the noticed date, and other discovery delay. The Court encourages the parties to resolve the fees and costs issue amongst themselves but, if that is not possible, the parties shall notify the Court. Finally, the Court grants Mr. Forsgren permission to briefly interrogate Mr. McKeever regarding the contents of his Affidavit submitted in response to the Defendants' motion for sanctions.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Defendants' Motion for Sanctions (Doc. No. 29) is **DENIED WITHOUT PREJUDICE**, but the discovery period, and all remaining deadlines contained in the Amended Pretrial Order, is extended by thirty days, defense counsel is permitted to submit an affidavit detailing fees and costs incurred because of discovery delay, and counsel for the Defendants is permitted to

[1] A Second Amended Pretrial Order will be issued forthwith.

briefly interrogate Mr. McKeever about the contents of Mr. McKeever's Affidavit submitted in response to the Defendants' motion for sanctions.

Dated: January 8, 2002.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge