UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**ORIGINAL**

PRESTIGE HOSPITALITY GROUP, INC.,

Plaintiff,

v.

FLAGSHIP SERVICES CORPORATION, FREDRICK NEWMAN, and THE ESTATE OF RICHARD ABATI,

Defendants.

Court File No. 00-CV-1453 (DSD/SRN)

**STIPULATION AND ORDER GRANTING LEAVE TO FILE AMENDED ANSWER**

RECEIVED
BY MAIL
MAR 22 2002
CLERK US DIST COURT
ST. PAUL, MN

**WHEREAS**, the parties, by and through their respective attorneys, stipulated to the substitution of the Estate of Richard Abati ("Abati Estate") as a defendant herein;

**WHEREAS**, the Court granted the stipulated substitution on November 29, 2001;

**WHEREAS**, all Defendants, including the Estate of Richard Abati, have prepared a draft Joint Amended Answer and Counterclaim (Attachment A);

**WHEREAS,** the Joint Amended Answer and Counterclaim would be the Abati Estate's first answer in this case;

**WHEREAS**, in the Joint Amended Answer and Counterclaim, Defendants assert an affirmative defense wherein Defendants claim that, under Puerto Rico law, Plaintiff's claims are barred by the statute of frauds;

**WHEREAS**, in their original Separate Answer and Counterclaim, Defendants Flagship Services Corporation ("Flagship") and Fredrick Newman ("Newman") did not include a statute of frauds defense. As a result, the addition of a statute of frauds defense constitutes an amendment of Flagship's and Newman's answer in this case;

MAR 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WHEREAS**, under the amended scheduling order, the deadline for amending pleadings was September 1, 2001;

**WHEREAS**, all Defendants seek the Court's leave to serve and file the proposed Joint Amended Answer and Counterclaim;

**WHEREAS**, although Plaintiff does not agree that Puerto Rico law applies to its claims in this case, although Plaintiff specifically contends that the affirmative defense of statute of frauds has no merit, and although Plaintiff reserves its right to move for the dismissal of the affirmative defense, Plaintiff consents to Defendants serving the proposed Joint Amended Answer and Counterclaim after the scheduling order deadline;

**NOW, THEREFORE**, in consideration of the foregoing, the parties hereby stipulate that Defendants may serve and file their Joint Amended Answer and Counterclaim (Attachment A).

Dated: March 21, 2002

**WALLEN-FRIEDMAN LAW OFFICE, P.A.**

By: ______________________

Leny K. Wallen-Friedman (#233894)
860 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
(612) 341-9893

**ATTORNEY FOR PLAINTIFF**

Dated: March 20, 2002

**BRIGGS AND MORGAN, P.A.**

By: ______________________

Matthew D. Forsgren (#246694)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

**ATTORNEY FOR DEFENDANTS**

**ORDER**

Based on the foregoing stipulation of the parties, Defendants are granted leave to file their proposed Joint Amended Answer and Counterclaim (Attachment A).

Date: March 25, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

1389565v1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PRESTIGE HOSPITALITY GROUP, INC.,

Plaintiff,

v.

FLAGSHIP SERVICES CORPORATION, FREDRICK NEWMAN and THE ESTATE OF RICHARD ABATI,

Defendants.

**Court File No. 00-CV-1453 (DSD/SRN)**

**JOINT AMENDED ANSWER AND COUNTERCLAIM**

**JURY TRIAL DEMANDED**

Defendants Flagship Services Corporation ("Flagship") and Rick Newman ("Newman") separately answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. Deny paragraphs 1, 2, 3, 4 and 5.

2. Paragraph 6 does not require a response.

3. Lack information sufficient to admit or deny Paragraph 7.

4. Deny paragraph 8. Fredrick (not Richard) Newman is a resident of Puerto Rico.

5. Deny paragraph 9. Richard Abati is deceased.

6. Deny paragraphs 10, 11, 12, 13 and 14.

7. Deny paragraph 15. Flagship (not Abati or Newman) paid McKeever (not Prestige) $6,000 for Prestige to serve as a marketing consultant for Flagship.

8. Deny paragraphs 16, 17, 18 and 19.

9. Admit paragraphs 20 and 21.

**ATTACHMENT A**

10. Deny paragraph 22.

11. Admit paragraph 23.

12. Deny paragraphs 24, 25, 26 and 27.

13. In response to paragraph 28, state that the San Juan Grand Hotel's revenues increased beyond projections in 1999 as a consequence of the aftermath of Hurricane Georges. Otherwise lack information sufficient to admit or deny paragraph 28.

14. Deny paragraphs 29, 30, 31, 32 and 33.

15. Paragraph 34 does not require a response.

16. Deny paragraphs 35, 36 and 37.

17. In response to Paragraph 38, state that there was no "partnership agreement" and therefore deny.

18. Deny paragraphs 39 and 40.

19. Paragraph 41 does not require a response.

20. In response to paragraph 42, state that the reference to "a large amount of money" is vague and therefore lack information sufficient to admit or deny.

21. Deny paragraph 43.

22. Paragraph 44 does not require a response.

23. Paragraph 45 does not require a response.

24. Deny paragraphs 46, 47 and 48 .

25. Paragraph 49 does not require a response.

26. Deny paragraphs 50 and 51.

27. Paragraph 52 does not require a response.

28. Deny paragraphs 53, 54, 55, 56 and 57.

29. Paragraph 58 does not require a response.

30. Deny paragraphs 59, 60, 61 and 62.

31. Except as expressly admitted hereinbefore, deny all paragraphs of Plaintiffs Complaint.

**SECOND DEFENSE**

32. Plaintiffs Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

33. Newman is not a proper party to this lawsuit.

**FOURTH DEFENSE**

34. Plaintiffs claims are barred by the doctrine of accord and satisfaction.

**FIFTH DEFENSE**

35. Some or all of Plaintiffs claims are barred by the doctrines of waiver, estoppel and unclean hands.

**SIXTH DEFENSE**

36. Some or all of Plaintiffs claims are barred by the statute of frauds.

**COUNTERCLAIM**

For its Counterclaim against Plaintiff, Defendant Flagship alleges as follows:

36. Defendant Flagship entered into an oral contract with Prestige, whereby Prestige was to serve as a marketing consultant for Flagship. Prestige's obligations under the oral contract specifically included helping develop the San Juan Grand Hotel's marketing plan and thereafter monitoring the San Juan Grand Hotel's marketing operations in Puerto Rico. In addition, Prestige was to develop new hotel management and investment opportunities for Flagship.

37. Flagship paid $6,000 per month during 1998 and 1999 as a result of this oral contract. Pursuant to Blair McKeever's instructions, Flagship made the $6,000 checks out to McKeever personally.

38. Prestige did not perform its obligations under the oral contract.

39. As a direct and proximate result of this breach of the parties' oral contract, Flagship has been damaged in an amount exceeding $72,000.

**WHEREFORE**, Defendants request:

1. That the Plaintiff's Complaint be dismissed with prejudice;

2. A judgment in Defendant Flagship's favor on its Counterclaim in an amount in excess of $72,000; and

3. That Defendants be awarded their costs, disbursements, reasonable attorneys' fees and any other relief as this Court deems just and appropriate under the circumstances.

Dated:

**BRIGGS AND MORGAN, P.A.**

By: DRAFT

Matthew D. Forsgren (#246694)
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334 8400

**ATTORNEY FOR DEFENDANTS**

1380952v1