UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1453(DSD/SRN)

Prestige Hospitality Group, Inc.,

Plaintiff,

v.

**ORDER**

Flagship Services Corporation, Fredrick Newman and The Estate of Richard Abati,

Defendants.

Leny K. Wallen-Friedman, Esq. and Wallen-Friedman & Floyd, 527 Marquette Avenue, Suite 860, Minneapolis, MN 55402, counsel for plaintiff.

Charles B. Rogers, Esq., Matthew D. Forsgren, Esq. and Briggs & Morgan, 2400 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon defendants' motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motion.

**BACKGROUND**

Plaintiff Prestige Hospitality Group, Inc. ("Prestige") sued defendants Flagship Services Corporation, Fredrick Newman and the Estate of Richard Abati (collectively "defendants") on the basis of an alleged oral contract. The oral contract relates to a hotel

FILED 8-1-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 8-1-02
Deputy Clerk's Initials ______

called San Juan Grand Beach Hotel and Casino in San Juan, Puerto Rico ("San Juan Grand").

Defendants managed the San Juan Grand for a fee. Prestige alleges that it is entitled to a portion of that fee. Specifically, Prestige claims that defendants partnered with Prestige to perform marketing consulting services in connection with the management of the San Juan Grand. According to Prestige, defendants agreed to pay Prestige $6,000 each month as a "draw" and then to conduct a reconciliation at the end of a given calendar year. In the reconciliation, defendants would compute 15 percent of the gross revenues from their management agreement and then deduct the $72,000 that Prestige had "drawn" over the course of the year. The balance would be Prestige's share of the fee.

Defendants argue that they agreed to hire Prestige as a marketing consultant for payment of $6,000 each month only. In February 2000, defendants tendered a memorandum and check for $54,000 bearing the notation of "Final Payment." Prior to sending the check and accompanying memorandum, defendants informed plaintiff in writing that, except for the final check, "no further payments for marketing fees would be forthcoming." Plaintiff received and cashed the check. Defendants therefore argue that plaintiff is not entitled to additional fees and bring a motion for summary on all claims. The court grants defendants' motion.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be

granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Accord and Satisfaction**

Pursuant to Minn. Stat. § 336.3-311 (1998),[1] defendants are entitled summary judgment based upon the doctrine of accord and satisfaction. An accord is a contract in which a debtor offers a sum of money or some other stated performance in exchange for which a creditor promises to accept the performance instead of the original debt. Webb Bus. Promotions, Inc. v. American Elecs. & Entm't Corp., 617 N.W.2d 67, 72 (Minn. 2000). The satisfaction is the performance of the accord, which is generally the acceptance of money. Id. The satisfaction discharges the debtor's duty as agreed to in the accord. Id.; Don Kral Inc. v. Lindstrom, 173 N.W.2d 921, 923 (Minn. 1970). "The purpose of the accord and satisfaction is to allow parties to resolve disputes without judicial intervention by discharging all rights and duties under a contract in exchange for a stated performance, usually a payment of a sum of money." Webb, 617 N.W.2d at 73; see generally Weed v. Comm'r of Revenue, 550 N.W.2d 285, 288 (Minn. 1996).

---

[1] Because there is no outcome determinative conflict between Minnesota and Puerto Rico law on the issue of accord and satisfaction, the law of the forum state - Minnesota - applies. Nodoak Mut. Ins. Co. v. American Family Mut. Ins. Co., 604 N.W.2d 91, 93-94 (Minn. 2000).

While the question of whether there has been an accord and satisfaction is a question of fact, Webb, 617 N.W.2d at 73, the court may grant summary judgment if no material facts are in dispute. See Northwest Airlines v. Astraea Aviation Servs., 111 F.3d 1386, 1391-92 (8th Cir. 1997)(finding airline entitled to summary judgment on counterclaims because the doctrine of accord and satisfaction barred those claims.)

To establish an accord and satisfaction, a party against whom a claim of breach of contract is asserted must prove that (1) the party, in good faith, tendered an instrument to the claimant as full satisfaction of the claim, (2) the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim, (3) the amount of the claim was unliquidated or subject to a bona fide dispute and (4) the claimant obtained payment of the instrument. See Minn. Stat. § 336.3-311 (2000);[2] see also Webb, 617 N.W.2d at 73.

---

[2]Minn. Stat. § 336.3-311 provides in relevant part:
(a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) Unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying
(continued...)

Here, defendants proved each of the required element for an accord and satisfaction. First, defendants submitted their $54,000 payment in good faith. See Webb, 617 N.W.2d at 73. "Good faith is demonstrated when the party tendering the instrument offers a check with the intent to honestly enter into an accord and satisfaction while observing reasonable commercial standards of fair dealing." Id.; see Minn. Stat. § 336.3-103(a)(4). In this case, Newman did not attempt to mislead McKeever. Instead, Newman explained in detail defendants' frustration with McKeever and Prestige, and even notified plaintiff prior to sending the final check that "no further payments" would be made thereafter.[3] (Forsgren Aff., Ex.

---

[2](...continued)
written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

[3]Newman sent that letter to McKeever in response to McKeever's letter that complained that McKeever had still not received the disputed checks. In his response letter, Newman stated:

> As to the issue of your checks, our Marketing arrangement was with you/Prestige. The checks were always made out to "Blair McKeever", as per your instructions. The surprise came when it appeared you had sold your business or factored your invoices. Either way, neither Flagship nor the San Juan Grand have received the proper consideration for the $6,000.00 monthly marketing fee. Even at $1,000 per day we should have been the beneficiaries of at least six man/days of your time and attention.
>
> We understand that you are very busy and now have taken on an enormous role with the Discovery project, it is even more understandable that Flagship and the San Juan Grand cannot expect the attention they require to meet

(continued...)

7.) Plaintiff presents no contrary evidence that defendants acted in bad faith.

Moreover, "the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." Webb, 617 N.W.2d at 73. A statement is conspicuous if "it is so written that a reasonable person against whom it is to operate ought to have noticed it." Minn. Stat. Ann. 336.3-311, Uniform Commercial Code Comment 4. Here, both the check and the accompanying memorandum explained that the check was full and final payment. (Forsgren Aff., Ex. 7 & 19.) Defendants emphasized the finality of the payment by writing "final payment" on the check and in the accompanying memorandum, (Forsgren Aff., Ex. 19), and by writing "no further payments for marketing fees will be forthcoming" in the previously sent memorandum discussed above, (Forsgren Aff., Ex. 7). Thus, the finality of the payment was clear. See T.B.M. Properties v. Arcon Corp., 346 N.W.2d 202, 203 (Minn. Ct. App. 1984)(finding the words "Final Payment for Rent

---

[3](...continued)
> their objectives and corporate obligations.
>
> I will prepare a check to you for the months due until December 31, 1999 and forward it under separate cover. This will also serve as notice to the fact that we will not be pursuing the same relationship in 2000 and no further payments for marketing fees will be forthcoming.

(Forsgren Aff., Ex. 8 (emphasis added).)

Owed T.B.M. Now or Forever" to be sufficient to support defendant's accord and satisfaction defense on summary judgment); see, e.g., Occidental Chem. Corp. v. Envtl. Liners, Inc., 859 F. Supp. 791, 793 (E.D. Penn. 1994)(holding that the words "Final Payment" on a check and an accompanying memorandum stating that the check represented all monies owed were sufficient basis for summary judgment against creditor); Bridges v. Mann, 544 S.E.2d 755, 756 (Ga. Ct. App. 2001)(holding summary judgment appropriate based upon the doctrine of accord and satisfaction where check bore words "Final Payment" and accompanying memorandum explained check was for balance of contract); Zanone v. RJR Nabisco, Inc., 463 S.E.2d 584, 587-88 (N.C. Ct. App. 1995)(holding that summary judgment is appropriate where party explained in an accompanying memorandum that check was offered as "full and final payment").

Further, the payment was subject to a bona fide dispute. See Webb, 617 N.W.2d at 73. In particular, plaintiff claimed that it was entitled to 15 percent of gross revenues from the Management Agreement less $72,000 annually, while defendants claimed that plaintiff was only entitled to $6,000 per month. Defendants also asserted that plaintiff had not provided "proper consideration" for the $6,000 monthly marketing fee. (Forsgren Aff., Ex. 7.) Therefore, a clear dispute existed over the amount of payment due.

Finally, plaintiff obtained payment of the instrument. See Webb, 617 N.W.2d at 73. At his deposition, McKeever testified

that Prestige deposited the check in its account. (Ex. 1 at 82.) Plaintiff never sent the payment back to defendants prior to commencing this lawsuit. (Id. at 84.) Therefore, no disputed fact exists as to whether plaintiff obtained payment of the instrument. Thus, because no material fact is in dispute as to each of the elements of accord and satisfaction, and because defendants proved each element, the court grants defendants' motion for summary judgment.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Docket No. 41] is granted and plaintiffs' claims are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 1, 2002

David S. Doty, Judge
United States District Court